UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.A.N.H.P.I.H.M., <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, <br><br> Defendant. | Civil Action No. 25-1623 (JEB) |

**MEMORANDUM OPINION AND ORDER**

      An anonymous *pro se* Plaintiff has sued President Trump in his official capacity, challenging the constitutionality of Executive Order 14173: "Ending Illegal Discrimination and Restoring Merit-Based Opportunity." ECF No. 1 (Compl.) at 4. Plaintiff has now made five attempts to proceed pseudonymously in this suit. The Court denied the previous four in Minute Orders for failing to address the pseudonymity factors. With this fifth Motion, Plaintiff has submitted enough information for the Court to consider the merits of his request. See ECF No. 8 (Fifth Mot. to Proceed Under Pseudonym). The Court ultimately finds, however, that Plaintiff's arguments are insufficient to overcome the presumption in favor of disclosing litigants' identities and accordingly denies the Motion.

**I.    Legal Standard**

      Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). The Federal Rules' identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more

1

specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

Even at this early stage, Plaintiff has not shown that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  (Although the Court uses "his" and "he," that does not imply Plaintiff's sex; indeed Plaintiff has not even provided his real identity to this Court.)  The Court will address each of the five pseudonymity factors in turn.

To prevail on the first factor, a litigant must demonstrate "that requiring it to proceed in its own name will risk the disclosure of 'sensitive and highly personal' information." Id. at 327

(quoting In re Sealed Case, 931 F.3d at 97). Such information "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Id. Plaintiff has not demonstrated that such information is at risk of being exposed in this suit, which presents a broad constitutional challenge to E.O. 14173. See Compl. at 3–4. While Plaintiff tells the Court that he was recently fired by his employer — "a federal contractor subject to executive order no. 14173 [*sic*]" — and is in separate mediation proceedings contesting this termination, see ECF No. 6 (Third Mot. to Proceed Under Pseudonym) at ECF pp. 2, 5, there is little link between that process and this suit. More to the point, Plaintiff has not explained how his desire to proceed pseudonymously is not "merely to avoid the annoyance and criticism that may attend any litigation," which is not a valid reason to grant pseudonymity. In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiff thus fails on the first factor.

The second factor cuts similarly. Plaintiff does not present any information suggesting that he or "innocent non-parties" would face the "risk of retaliatory physical or mental harm" upon disclosure. Id. (cleaned up). While Plaintiff broadly points to the Trump administration's "cruelty in deportation" as an indicator that he might face retaliation, Plaintiff also asserts that he is a naturalized U.S. citizen. See Third Pseudo. Mot. at ECF pp. 2, 6. His concern is thus far "too bare and attenuated" for the Court to find that disclosure poses a legitimate risk of retaliatory physical or mental harm to Plaintiff and others. See Doe v. Chutkan, No. 24-3470, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 17, 2024); Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (finding second factor weighs in favor of disclosure when claims are "speculative and unsubstantiated") (citation omitted).

Plaintiff also loses on the third factor because he is not a minor and asserts only that his parents will potentially be affected. See In re Sealed Case, 971 F.3d at 326; Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023).

The fourth factor also counsels against pseudonymity. That is because Plaintiff does not seek individualized relief, but rather a broad invalidation of E.O. 14173 "and any other relevant harmful executive orders and policies on these anti-DEI topics." Compl. at 4; see In re Sealed Case, 971 F.3d at 329. Pseudonymity is disfavored when a suit presents "far-reaching legal claims" that "trigger the 'heightened public interest' that applies 'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.'" Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op.) at 5 (D.D.C. Oct. 2, 2023) (citation omitted). The fourth factor thus disfavors pseudonymity.

Finally, Plaintiff wishes not only to remain anonymous on the public docket but also to withhold his identity from Defendant. Because this presents a "risk of unfairness" to Defendant, the fifth factor weighs against his request. In re Sealed Case, 971 F.3d at 326 n.1. Plaintiff states that he will eventually "agree to allow the clerk to disclose [Plaintiff's identity] to the defendant under seal" but asks that it be "temporarily withheld" until the "result of [Plaintiff's] July 21 mediation with [Plaintiff's] former employer can be known." Fifth Pseudo. Mot. at ECF p. 2. Until Plaintiff no longer requests anonymity from Defendant, however, the fifth factor counsels against his Motion.

Obtaining no success on any of the five factors, then, Plaintiff has not overcome the public's presumptive and substantial interest in learning his identity.

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [8] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing his Complaint on the public docket using his real name, and, if so, he shall also file his [8] Motion on the public docket as an exhibit to the Notice;

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: June 30, 2025