UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.A.N.H.P.I.H.M.,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Civil Action No. 25-1623 |

**ORDER**

An anonymous *pro se* Plaintiff is suing President Trump in his official capacity, challenging the constitutionality of Executive Order 14173: "Ending Illegal Discrimination and Restoring Merit-Based Opportunity." ECF No. 1 (Compl.) at 4. In a prior Memorandum Opinion and Order, this Court denied Plaintiff's motions to proceed pseudonymously. See ECF No. 10 (Mem. Op. and Order). In now his sixth Motion on this matter, Plaintiff moves for reconsideration. See ECF No. 11 (Recon. Mot.). Having weighed Plaintiff's arguments, the Court finds the basis of its prior decision unchanged and accordingly denies the Motion.

**I.      Legal Standard**

Plaintiff does not specify a basis for relief but labels his motion "6th Motion to Proceed Under Pseudonym, File under Seal and CM-ECF UserName and Password." Recon. Mot. at 1. The Court thus construes this Motion as one for reconsideration pursuant to Federal Rule of Civil Procedure Rule 54(b), which applies to orders that "may be revised at any time." Relief may be granted pursuant to Rule 54(b) "as justice requires" — a standard that may be met where, for instance, the court "has patently misunderstood" the parties, strayed far afield of the issues

1

presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citations and quotation marks omitted).

## II.    Analysis

This Court previously found that Plaintiff did not prevail on any of the five In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020), factors, which determine whether a party has overcome the presumption in favor of disclosing litigants' identities. See Mem. Op. at 2–4; In re Sealed Case, 971 F.3d at 326–27. The Court reevaluates each factor in turn in light of Plaintiff's responses to its previous analysis.

For the first factor, Plaintiff initially reiterates his previous argument that because he was recently fired by his employer and is in separate mediation proceedings contesting this termination, see ECF No. 6 (Third Mot. to Proceed Under Pseudonym) at ECF pp. 2, 5, he should be granted pseudonymity in this suit. See Recon. Mot. at 2–3. As Plaintiff has not provided any new information that would change the Court's prior analysis, however, see Mem. Op. at 2–3, it does not address this particular argument further.

He also emphasizes his and his mother's ongoing health concerns as grounds for pseudonymity. See Recon. Mot. at 3. The Court previously explained that medical concerns, along with other categories of delicate information, are relevant to the pseudonymity analysis when a plaintiff demonstrates "that requiring [him] to proceed in [his] own name will risk the disclosure of 'sensitive and highly personal' information" in the case at hand. See In re Sealed Case, 971 F.3d at 327 (emphasis added) (quoting In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019)); Mem. Op. at 3. Plaintiff, however, has still not explained how this lawsuit, which is a broad constitutional challenge to an Executive Order, could cause the disclosure of such medical

information — especially not that of his mother, who is not a party in this case. Because he has not established that nexus, Plaintiff fails again on the first factor.

As for the second factor, Plaintiff does not present any new information demonstrating that he or "innocent non-parties" would face the "risk of retaliatory physical or mental harm" upon disclosure. In re Sealed Case, 971 F.3d at 326. He gestures broadly to President Trump's deportation and citizenship clashes with Elon Musk and Rosie O'Donnell to suggest that he, too, would be put at risk if his identity were to be revealed in this suit. See Recon. Mot. at 4. But those examples are "too bare and attenuated" for the Court to find that disclosure poses a legitimate risk of retaliatory physical or mental harm to Plaintiff or others in this case. See Doe v. Chutkan, No. 24-3470, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 17, 2024); John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (finding second factor weighs in favor of disclosure when claims are "speculative and unsubstantiated") (citation omitted).

On the third factor, Plaintiff also loses because he still does not suggest that the privacy interests or safety of any minors will be implicated here. See In re Sealed Case, 971 F.3d at 326; Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op. and Order) at 6 (D.D.C. Oct. 5, 2023).

The fourth factor, too, remains tipped against pseudonymity. As Plaintiff himself acknowledges, he seeks "broad relief" regarding President Trump's Executive Order, see Recon. Mot. at 5, so the Court's prior analysis stands. See Mem. Op. at 4.

In a change of pace, Plaintiff no longer requests anonymity from the Government. See Recon. Mot. at 6. Since a plaintiff who offers to disclose his identity under seal (and does not do so *ex parte*) obviates the risk of unfairness to the defendant, see R.A. v. Islamic Republic of Iran, No. 23-2606, ECF No. 4 (Mem. Op. and Order) at 5 (D.D.C. Sept. 12, 2023), Plaintiff now prevails on the fifth factor.

Because Plaintiff prevails on only one of the five pseudonymity factors, the Court ORDERS that:

1. Plaintiff's [11] Motion for Reconsideration is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing his Complaint on the public docket using his real name, and, if so, he shall also file his [3], [5], [6], [7], [8], [11] Motions on the public docket as an exhibit to the Notice; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: July 22, 2025

4