UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.A.N.H.P.I.H.M., | No. 1:25-cv-01623 |
| *Plaintiff,* | Chief Judge James E. Boasberg |
| v. | Notice of Supplemental Authority |
| Donald J. Trump, | |
| *Defendant.* | |

Eugene Volokh submits a recent decision that supports the statement that "Courts have recognized that the right of access applies to motions to seal" (Motion to Intervene and Unseal, ECF No. 9, at 2, heading II.A). He does so in the belief that this Court accepts such notices as to new and relevant matter. *See, e.g.*, Defendant's Notice of Supplemental Authority, *Smith v. FINRA, Inc.*, No. 1:25-cv-00447-JEB (D.D.C. Mar. 28, 2025), ECF No. 16; Defendant's Notice of Supplemental Authority, *Phillips v. D.C.*, No. 1:22-cv-00277-JEB (D.D.C. June 18, 2024), ECF No. 73; Plaintiffs' Notice of Supplemental Authority, *Savage v. U.S. Dep't of Justice*, No. 1:22-cv-02477-JEB (D.D.C. Feb. 23, 2024), ECF No. 36.

On July 23, the Second Circuit held in *Giuffre v. Maxwell* that filings related to motions to unseal are indeed judicial documents, to which the right of access applies:

> The Doe filings here at issue [opposing unsealing] qualify as judicial documents because they were submitted to "influence the district court's rulings" as to whether *other* judicial documents submitted throughout the defamation litigation should be maintained under seal . . . . Accordingly, a presumption of public access attaches to the Doe filings . . . .

__ F.4th __, 2025 WL 2055148, at *11 (2d Cir. July 23, 2025) (cleaned up).

RECEIVED

JUL 30 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

The Circuit went on to conclude that the strength of the presumption varies depending on the nature of "the underlying judicial documents" that the filings were seeking to have sealed or unsealed: "The more those documents implicate a court's core adjudicative role, the stronger the presumption of access that applies to them and, by extension, to filings seeking to seal or unseal them." *Id.* Pseudonymity is a form of sealing—a means for a litigant "to keep its identity under seal," *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020). "[T]he identities of the parties" are important "facts involved" in the case, *id.* at 326 (cleaned up), and are thus directly relevant to the "court's core adjudicative role," *Giuffre*, 2025 WL 2055148, at *11. The presumption of public access should thus strongly attach to motions to proceed under a pseudonym.

Respectfully Submitted,

*Eugene Volokh*

Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se*
(Institutional affiliation given for identification and addressing purposes only)

July 30, 2025

## Certificate of Service

I certify that today, July 30, 2025, I served the document on plaintiff by e-mailing the e-mail addresses specified in the Complaint, DEIdeservesrespect@proton.me. I also e-mailed the document to dcd_intake@dcd.uscourts.gov. Defendant has not yet appeared in the case.

*Eugene Volokh*

Eugene Volokh