CPR DISPUTE RESOLUTION

------------------------------------- x

In the Matter of the Arbitration Between:

▆▆▆▆,

                           Claimant,

                - against -

▆▆▆▆▆▆▆▆▆▆▆

                         Respondent.

CPR Arbitration No.: ▆▆▆▆

------------------------------------- x

## **CONFIDENTIALITY ORDER**

The Arbitrator duly enters this Confidentiality Order ("Order") pursuant to Rule 20.2 of the International Institute for Conflict Prevention and Resolution's ("CPR") Administered Employment Arbitration Rules and in furtherance of the confidentiality terms set forth in Section V(A) of the ▆▆▆▆▆▆▆▆▆ Common Ground Dispute Resolution Program governing the above-captioned arbitration between Claimant ▆▆▆▆ ("▆▆▆") and Respondent ▆▆▆▆▆ ("▆▆") (individually "Party" or collectively, the "Parties").

IT IS HEREBY ORDERED that:

1.     In the event any Party contends that documents and/or information produced by that Party during the course of this Arbitration contains confidential and/or proprietary information, the producing Party shall place a stamp or notation as follows: "CONFIDENTIAL." No portion of such documents ("Confidential Documents") produced herein, nor any copy thereof, nor any information ("Confidential Information") contained therein shall be disclosed or in any manner made available by the receiving Party or their counsel to any person or entity not a party to this proceeding, except as follows:

    (a)    by stipulated written agreement of the Parties, or if the Parties are unable to so agree after having made a good faith effort, by order of the Arbitrator, and only after such persons have executed the appended Acknowledgment and Agreement to Be Bound;

    (b)    to witnesses or potential witnesses for the purpose of this Arbitration, but only after such persons have executed the appended Acknowledgment and Agreement to Be

Bound (witnesses or potential witnesses shall not retain a copy of Confidential Documents);

(c) to consultants and experts retained, consulted, or employed by the receiving Party or his/its counsel, and only after such persons have executed the appended Acknowledgment and Agreement to Be Bound;

(d) to the receiving Party and employees of the receiving Party;

(e) to the receiving Party's counsel and to the employees of the receiving Party's counsel, subject to the control and supervision of the receiving Party's counsel, for the proper representation of the receiving Party;

(f) to persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically-stored documents;

(g) to the author or recipient of the document (the latter not including a person who first received the document in the course of litigation or arbitration);

(h) to any mediator or other neutral chosen by the Parties to mediate the claims of the Parties; and

(i) to the Arbitrator, CPR staff, and, in the event of a motion to confirm, vacate, or modify any award of the Arbitrator, to any court or court of appeals, and personnel of any such court or court of appeals.

2. The Parties will retain the executed Acknowledgments and Agreements to Be Bound. The Parties are not required, however, to produce any such Acknowledgment and Agreement to Be Bound unless a dispute arises concerning whether this Stipulation and Order was violated by the individuals.

3. Any Party who receives an order of production or a subpoena seeking Confidential Documents or Confidential Information in connection with a proceeding before a court, administrative agency, legislative body, or regulatory authority (the "Receiving Party") must provide a copy of the order of production or the subpoena to all other Parties promptly upon receipt of the order of production or the subpoena and, in any event, at least ten (10) days before producing any documents in response to the order of production or the subpoena. The Receiving Party must also, within ten (10) business days, inform in writing the issuing party in the other proceedings that some or all of the material covered by the subpoena or order is the subject of this Confidentiality Order and that material shall not be produced until after the time the designating Party in this Arbitration has to protect its Confidential Information, and, if the designating Party seeks to protect its Confidential Information, after there has been a ruling from the forum where the subpoena or

order was issued. However, nothing herein should be construed as authorizing or encouraging a Party in this Arbitration to disobey a lawful directive from another forum.

4. Any documents (including but not limited to letters, briefs, affidavits, recordings, and transcripts) which quote from or contain copies, excerpts, or compilations, in whole or in part, of the Confidential Documents or Confidential Information shall also be treated as confidential in the same manner as the Confidential Documents or Confidential Information and subject to this Order.

5. Notwithstanding any other provision herein, if a Party inadvertently produces documents or information without the "CONFIDENTIAL" designation, the producing Party may notify the receiving Party of such inadvertent production and, from that point forward, the documents and information shall be subject to this Order and treated as if they had been produced with the "CONFIDENTIAL" designation. If the receiving Party has already disclosed the documents or information at issue, the receiving Party shall notify the producing Party within five (5) days of receipt of the corrected designation.

6. Nothing contained herein shall prevent either Party from seeking an order from the Arbitrator declaring that documents or information claimed to be Confidential Documents or Confidential Information should not be subject to this Confidentiality Order. Further, this Confidentiality Order is without prejudice to the rights of a Party to seek or agree to different or additional protection for any particular material or information.

7. The Parties or their counsel shall advise any person permitted access to the Confidential Documents or Confidential Information produced by the other Party of the claimed confidential nature of said documents and information and to provide such person with a copy of this Order.

8. Unless otherwise agreed or ordered, this Confidentiality Order shall remain in force and effect after the termination of the instant proceeding and completion of any proceedings to confirm, vacate, or modify any award issued by the Arbitrator, and any appeals.

9. Within 90 days of the termination of the instant proceeding, the Confidential Documents and Confidential Information, including all copies, summaries and excerpts thereof, shall either be destroyed, returned to the producing Party's counsel or, if retained in accordance with the file retention policies of the receiving Party's counsel, shall be marked as being subject to this Agreement. "Termination of the instant proceeding" shall occur when the Arbitrator in this proceeding file, or cause to be filed, the decision or award in this matter with CPR, unless the Parties seek to have that decision or award confirmed, vacated, or modified by an appropriate court of law, in which case, "termination" will occur upon the rendering of a non-appealable, final order confirming, vacating or modifying that award. If the Parties hereto resolve this case by settlement or compromise and no award is ever rendered, then "termination" shall occur on the date that the arbitration is dismissed by the filing of a written dismissal.

10. In the event of proceedings to confirm, vacate, or modify an award issued by the Arbitrator, a Party seeking to file Confidential Documents and Confidential Information with a court or court of appeal shall attempt to file any Confidential Documents and Information under seal and to otherwise protect the Confidential Documents and Information from public disclosure to the maximum extent allowable under the applicable procedural rules. A Party is not required to file any Confidential Information and/or Confidential documents under seal if the Court denies the request or otherwise prohibits the filing of documents under seal.

11. The inadvertent production of documents which either Party claims to be protected by the attorney-client privilege, attorney work product doctrine or any other privilege does not waive that privilege. Upon knowledge or request, the Party receiving such documents shall promptly return all such documents, as well as any copies thereof and any notes relating to such documents. Return of such material shall not constitute a waiver of the right to challenge the Party's claims with respect to the attorney-client privilege or attorney work product doctrine or any other asserted privilege.

12. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

13. This Confidentiality Order shall only be subject to modification in writing upon agreement of the Parties. The Parties reserve the right to seek relief from the Arbitrator in the event of a dispute or disagreement as to the terms of this Confidentiality Order.

14. The terms of this Confidentiality Order shall survive and remain in full force and effect after the termination of the Arbitration, and CPR shall retain jurisdiction to enforce the terms of this Order, provided, however, if CPR declines to retain jurisdiction, the Court or tribunal that next has jurisdiction shall enforce the terms of this Agreement.

15. Nothing herein shall be construed to waive or reduce in any way the confidentiality protections set forth in Section V(A) of the ▮▮▮▮▮▮▮▮▮▮ Common Ground Dispute Resolution Program.

ARBITRATOR



November 10, 2025

4