UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.A.N.H.P.I.H.M.,<br><br>*Plaintiff,*<br><br>v.<br><br>Donald J. Trump,<br><br>*Defendant.* | No. 1:25-cv-01623<br><br>Judge Ana C. Reyes<br><br>Motion of Eugene Volokh to Expedite and Further Unseal Filings, with Accompanying Memorandum |

**Motion**

Eugene Volokh moved on June 11, 2025 "to intervene and unseal the Plaintiff's first five motions to proceed pseudonymously, the supporting exhibits (Exhibit 1 and Exhibit 2) attached to Plaintiff's ECF No. 7 Motion, and any declarations or memoranda attached to the motions, if such exist." Motion to Intervene and Unseal, ECF No. 9. Since it is nearly six months now since that motion was filed, he asks that this Court expedite consideration of the motion (though recognizing, of course, that this Court is also facing the press of other business). He also asks, for the reasons given in the initial motion, that plaintiff's later-filed sixth, seventh, and proposed eighth motions to proceed pseudonymously (ECF Nos. 11, 13, and 15) be unsealed as well.

Movant has conferred with Plaintiff by e-mail; Plaintiff opposes this motion. Defendant has not appeared in the case.

**Memorandum**

Just as courts should "act expeditiously on [a] sealing motion" in order to protect the ability of "the public [and] the press . . . to monitor the progress of the litigation as it unfolded," *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (disapproving of a "nine-month delay in ruling on the sealing motion"), so courts ought to act expeditiously on unsealing motions as well. "In light of

the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "[E]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Id.* (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers)).

And this logic applies to prompt public access to motions to proceed under a pseudonym as much as to prompt public access to other court filings. Pseudonymity is a means for a litigant "to keep its identity under seal," *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020). And filings related to whether certain matters should be sealed "qualify as judicial documents because they were submitted to 'influence the district court's rulings' as to whether *other* judicial documents submitted throughout the defamation litigation should be maintained under seal." *Giuffre v. Maxwell*, 146 F.4th 165, 181 (2d Cir. 2025) (cleaned up). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

To be sure, *Giuffre* noted that the presumption of public access gets "stronger" "[t]he more . . . documents implicate a court's core adjudicative role," and suggested that filings related to sealing "are incrementally more attenuated from" that core role. *Id.*; *see also id.* at 182 (remanding the matter so that "the able district judge [can] consider these factors in individually reviewing the [sealing-related] filings and the underlying documents to which they pertain, assigning an appropriate weight to the presumption of public access applicable to the filings, weighing that presumption against any countervailing interests, and then deciding which filings (or parts of filings) can be unsealed"). But "the identities of the parties" are "facts involved" in a case that the public has a "legitimate interest in knowing" and "[i]dentifying the parties to the proceeding is an important

dimension in publicness." *In re Sealed Case*, 971 F.3d at 326 (cleaned up). Motions to proceed under a pseudonym are therefore indeed closely linked to the "court's core adjudicative role," *Giuffre*, 146 F.4th at 181. The presumption of public access should thus strongly attach to motions to proceed under a pseudonym—and so should the requirement of "immediate and contemporaneous" access, *Grove Fresh Distributors*, 24 F.3d at 897, and therefore the requirement of "expeditious[]" action on motions related to sealing, *Doe v. Pub. Citizen*, 749 F.3d at 273.

Nor is Volokh's motion to intervene and unseal rendered moot by the closing of the case. "The fact that a suit has gone to judgment does not in any sense militate against the public's right to prosecute a substantiated right to see the records of a particular case." *Public Citizen v. Liggett Group, Inc.* 858 F.2d 775, 786 (1st Cir. 1988). Indeed, even "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1101 (9th Cir. 1999); *see FDIC v. Ernst & Ernst*, 677 F.2d 230, 231-32 (2d Cir. 1982) (allowing intervention two years after settlement to challenge a confidentiality order); *Mokhiber v. Davis*, 537 A.2d 1100, 1104-06 (D.C. 1988) (allowing intervention four years after settlement to challenge a confidentiality order); *Doe v. Pub. Citizen*, 749 F.3d 246, 252 (4th Cir. 2014) (allowing intervention "[t]hree months after the district court entered judgment"). "[C]ourts have recognized that the public right of access provides standing to a third party seeking to intervene in a case to obtain judicial records, even if the case is closed." *Quinonez-Castellanos v. Performance Contractors Inc.*, No. 16-CV-4097-LTS, 2018 WL 10015527, *3 (N.D. Iowa Oct. 9, 2018). "[T]he common law right of access permits the public to intervene years after judgment is entered." *NML Cap. Ltd. v. Republic of Argentina*, No. 2:14-CV-1573-RFB-VCF, 2014 WL 7012488, *2 n.5 (D. Nev. Dec. 12, 2014). "There is clearly a right to

have access to judicial documents after a case has been closed." *Fangman v. Genuine Title, LLC*, No. CV RDB-14-0081, 2022 WL 2343250, *1 (D. Md. June 29, 2022).

It follows that motions to intervene and unseal submitted while the case is pending remain viable even in the months after the case is dismissed. And this makes sense, because Volokh seeks "to be able to write about the case," and in particular "why this Court denied pseudonymity," "which requires seeing the motions that were denied." Motion to Intervene and Unseal at 1. Volokh's interest in writing about the case, and therefore his right of access to court records, persists even after the case was dismissed.

For these reasons, Volokh asks that this Court expeditiously resolve his motion to intervene and unseal, and also unseal plaintiff's later-filed sixth, seventh, and proposed eighth motions to proceed pseudonymously (ECF Nos. 11, 13, and 15) be unsealed as well.

Respectfully Submitted,

Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se* (institutional affiliation given for identification and addressing purposes only)
December 3, 2025

**Certificate of Service**

I certify that I served this on plaintiff today, December 3, 2025, by e-mailing the address in the Complaint, DEIdeservesrespect@proton.me. Defendant has not yet appeared in the case.

Eugene Volokh