**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

A.A.N.H.P.I.H.M

PLAINTIFF

VS.                                                                CASE NO.    1:25-cv-01623-UNA

Donald J. Trump, in his official capacity as POTUS

DEFENDANT(S)

### Plaintiff's final words & refuting Eugene Volokh's motion to intervene/expedite/unseal

Dear Judge AliKhan, on February 24, 2026, President Trump delivered a joint address to Congress claiming that he "ended" DEI (Diversity, Equity, Inclusion across the federal government and private sector).[1] He won.

Plaintiff accepts your decision to deny their 3rd motion to reopen the case, because to their relief, a settlement has been reached with their former employer during the private arbitration process. Although the money is still up in the airs pending confirmation of withdrawal and termination with prejudice to be issued by a state agency, plaintiff presumes it's just a matter of time that their former employer would honor their words and they believe it's time to move on and begin their next chapter in life.

"The existence and terms of the settlement agreement are confidential," read the agreement. And plaintiff really has to honor it so that they don't lose this hard fought self-represented "victory" after having spent a year in the winter winds of unemployment. Arbitrator is happy as well, exclaiming, "This is great news!"

Plaintiff had wanted to contribute to the *as-applied* challenge to the Trump Administration's

---

[1] https://www.pbs.org/newshour/politics/read-trumps-full-2026-state-of-the-union-address

1



RECEIVED

MAR 15 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

implementation and enforcement of Executive Order 14173 choking federal contractors' First Amendment right to free speech, as eloquently put forward by the plaintiffs in National Urban League, et al., vs. Donald J. Trump, et al..[2] However, it has turned out those plaintiffs' lawyers, plus 140+ others, have had no interest and time in helping this subject case, probably because they know the protections for private employers from the Federal Arbitration Act as elaborated in the consolidated Supreme Court cases Epic Systems Corporation vs. Jacob Lewis, Ernst & Young LLP, et al., v. Stephen Morris, et al., and National Labor Relations Board, v. Murphy Oil USA, Inc., et al.[3] Given the current Supreme Court justices' composition is 6 conservatives vs. 3 liberals, plaintiff sees pointless in continuation.

As for Mr. Eugene Volokh's Motion to Intervene (ECF No. 9) and Motion to Expedite and Unseal (ECF No. 18), he lacks "intervention of right" under Federal Rule of Civil Procedure 24(a)(2) which the court must permit. "A party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution." See Fund For Animals, Inc. v. Norton, 322 F.3d 728 (D.C. Cir. 2003), though it doesn't address FRCP rule 24(b) "permissive intervention." Mr. Volokh also misrepresented a bit of E.E.O.C. v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). That case did not grant "intervention of right," but just confirmed the court "may allow."

But FRCP 24(b)(1) is really clear, specifically (b)(1)(B) requires the intervenor to have a claim or defense that shares a common question of law or fact with the main action. If the third party is merely "curious" and has no legal stake in the actual dispute, the intervention is a fishing expedition. First amendment right is not absolute. It has taken years for the plaintiff to understand that after reading Associated Press v. Taylor Budowich. See Case No. 1:25-cv-00532 (TNM) which is still under appeal by AP. In an email dated September 19, 2025, Mr. Volokh admitted in writing

---

[2] https://www.courtlistener.com/docket/69651274/national-urban-league-v-trump/, particularly
https://storage.courtlistener.com/recap/gov.uscourts.dcd.277566/gov.uscourts.dcd.277566.75.0.pdf
[3] https://www.supremecourt.gov/opinions/17pdf/16-285_q8l1.pdf

that his only interest in this case is in the sealing and pseudonymity questions; he wouldn't get involved in the case otherwise after plaintiff invited him to help. See Exhibit.

FRCP 24(b)(3) is also very clear, "Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, the defendant had never been served the summons and complaint, because the plaintiff had been in forma pauperis. Therefore, it's only the plaintiff's rights that will be prejudiced, should the court grant Mr. Volokh's motion to intervene. And no doubt they will be prejudiced, with their settlement and arbitration interfered. Exhibits not on the public docket obtained (by discovery) during arbitration under a protective order are not public property. Rule 24(b)(2) also does not apply.

Mr. Volokh hasn't cited the six Hubbard factors in United States v. Hubbard, 650 F.2d 292 (D.C. Cir. 1980) either.

Finally, even Mr. Volokh's own journal article The Law of Pseudonymous Litigation, 73 Hastings L.J. 1353 (2022) mentioned in his motion has a whole Section III Rebutting the presumption of non-pseudonymity,[4] such as

(1) reasonable fear of physical harm or other extraordinary retaliation and reasonable fear of mental, emotional, or psychological harm. (Even DOGE Bros have claimed so and Judge Colleen McMahon from Southern District of New York has granted the takedown of their anti-DEI deposition videos.[5])

(2) Privacy as to "sensitive and highly personal" "stigmatized" matters, specifically mental illness or disorder (see Doe v. Sessions, No. 18-cv-0004-RC, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Asperger's Syndrome, Acute Stress Disorder, Panic Disorder, [PTSD], and anxiety"). Recall plaintiff's mom has been diagnosed with bipolar disorder.

---

[4] https://uclawjournal.org/wp-content/uploads/7.-Volokh_Final.pdf

[5] https://www.nytimes.com/2026/03/13/nyregion/doge-depositions-musk-lawsuit.html

She was recently sent to emergency room and diagnosed by American doctors as well.

These factors have been previously elaborated by plaintiff before. During a recent trip to understand a wrongful termination suit in their birth country, plaintiff managed to escape political persecution at a huge cost without any help from Trump's U.S. Consulate which put up a poker face. (The consulate under previous administrations had offered safe passage to other dissidents though.) Plaintiff was relieved that they managed to come back to America at all. While plaintiff was stranded in their birth country, their fellow American Renée Good and Alex Jeffrey Pretti were unfortunately killed by United States Immigration and Customs Enforcement agents.[6] [7] On the day of plaintiff's return, the public learned that even Chief Judge Boasberg barely escaped Trump DOJ's misconduct complaint.[8] It has been surreal. Plaintiff's adoptive country is now perhaps the lesser of two evils. Probably has to wait a bit for Reporters without Borders' latest ranking.[9]

What has probably been unwritten before is reputational harm / risk of economic retaliation. Plaintiff recently got a new at-will employment with another federal contractor which has also removed "equity" from DEI, despite they did celebrate lunar new year and will probably celebrate the Asian American and Pacific Islander Heritage Month. If Plaintiff's at-will employment could last till May 2026, they will ask the new firm's colleagues on their views of the firm's changed stance. Asian Americans can be quite divided as well.

All in all, Mr. Volokh's motions simply should not be granted. This case can indeed be terminated, unless plaintiff sues under their real name, which they are not going to do, with all due respect. The stakes are too high and they will let the National Urban League to fight the unconstitutional executive order(s).

Many thanks and best regards.

---

[6] https://en.wikipedia.org/wiki/Killing_of_Ren%C3%A9e_Good
[7] https://en.wikipedia.org/wiki/Killing_of_Alex_Pretti
[8] https://www.washingtonpost.com/politics/2026/01/31/boasberg-doj-misconduct-complaint-dismissed/
[9] https://rsf.org/en/country/united-states

**/s/ John Doe**

Signature

John Doe

Name (if applicable, Prisoner ID No.)

8808 Justice Ave, Apt 9J

Address/Facility Address

| Elmhurst | NY | 11373 |
|----------|-------|----------|
| City | State | Zip Code |